UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MADELYN CASANOVA,

    Plaintiff,

v.                                                 Case No: 2:16-cv-198-FtM-38CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on consideration of United States Magistrate Judge Carol Mirando's Report and Recommendation ("R&R"). (Doc. 20). Judge Mirando recommends affirming the Commissioner of Social Security's decision to deny Plaintiff Madelyn Casanova disability insurance benefits ("DIB") and supplemental security income ("SSI"). Casanova has filed timely objections to the R&R. (Doc. 21). The Commissioner has not responded, and the time to do so has expired. This matter is thus ripe for review.

The Court adopts the factual background detailed in the R&R. For brevity's sake, the Court will briefly outline the procedural background. Five years ago, Casanova

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

applied for a period of disability, DIB, and SSI for her alleged depression, memory problems, and diabetes. (Tr. 78). After a hearing, Administrative Law Judge ("ALJ") Ronald E. Miller denied her application having found that she was not disabled. (Tr. 15-29). The Appeals Council denied Casanova's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 6-8). This appeal ensued.

A court's review of the Commissioner's decision is limited to evaluating whether substantial evidence supports the decision and whether the ALJ applied the proper legal principles. *See James v. Comm'r of Soc. Sec.*, 657 F. App'x 835, 837 (11th Cir. 2016). This review is *de novo*. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance, "and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quotations omitted). Even if the evidence preponderates against the Commissioner's findings, the court must affirm if substantial evidence supports the decision reached. *Id.* at 1158-59. The court may not reweigh the evidence and decide the facts anew. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005); *see also James*, 657 F. App'x at 837. Also, the magistrate judge, district judge, and appellate judges apply the same legal standards to review the Commissioner's decision. *Dryer*, 395 F.3d at 1210.

In addition, a district judge "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* And

"[t]he judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

As stated, the Report and Recommendation recommends affirming the ALJ's decision. Casanova's objections assert that the ALJ erred because (1) he failed to articulate the weight accorded to her treating physicians' opinions; (2) he gave inadequate weight to her treating psychiatrist's opinion; (3) substantial evidence does not support the ALJ's "Paragraph B" criteria ratings and RFC findings; and (4) he failed to properly assess her alleged symptoms and limitations. (Doc. 21). Her objections also assert that Judge Mirando erred to the extent that she rejected these same arguments. Casanova reasserts her arguments as presented to Judge Mirando and adds no legal or factual support for her objections to the R&R. (Doc. 21 at 2).

Based on a *de novo* review of the record and independent consideration of the parties' arguments and the controlling law, the Court agrees with the R&R's findings and recommendations over Casanova's objections. The Commissioner's decision, therefore, is affirmed.

Accordingly, it is

**ORDERED:**

(1) Plaintiff Madelyn Casanova's Objections to the Report and Recommendation (Doc. 21) are OVERRULED.

(2) United States Magistrate Judge Carol Mirando's Report and Recommendation (Doc. 20) is **ADOPTED and ACCEPTED** and the findings incorporated herein.

(3) The Commission of Social Security's decision is **AFFIRMED**.

(4) The Clerk of Court is **DIRECTED** to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner of Social Security, and to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of August 2017.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record